UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Joe F. Minton,**

    Plaintiff,

vs.                                        Case No. 05-CV-391
                                                Judge Gregory L. Frost
**Buckeye Rural Electric Cooperative, Inc.,**   Magistrate Judge Norah King

    Defendant.

## OPINION & ORDER

Defendant Buckeye Rural Electric Cooperative, Incorporated ("Buckeye") moves for full summary judgment. (Doc. # 29). Plaintiff Joe Minton ("Minton")[1] opposes the motion (Doc. # 31), and Buckeye has filed a reply to Minton's response (Doc. # 42). For the following reasons, the Court **GRANTS** Buckeye's motion as it pertains to Minton's claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, but **DISMISSES** Minton's state claims.[2]

The ultimate disposition of this matter negates the need for a discussion of the background. Rather, for reasons that will soon become clear, pertinent facts will be covered in the discussion section of this Opinion & Order. Preliminarily, however, the Court shall review the familiar summary judgment standard of review.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to

---

[1] The Complaint also refers to Minton as "Joe F. Momypm." (Doc. # 1 at Introduction).

[2] Neither side moved for summary judgment on Buckeye's counterclaims. (Doc. # 5).

1

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52). However, in ruling on a motion for summary judgment, "a district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

## DISCUSSION

Buckeye hired Minton on June 5, 2006 to full the position of manager of operations.

2

(Doc. # 1 ¶ ¶ 7, 8; Minton Dep. 93).   Minton was fifty seven (57) years old at that time.  Buckeye subsequently fired Minton on December 6, 2002.  (Doc. # 1 ¶ 9; Minton Dep. 134; Davis Aff. ¶ 7).  Minton was sixty-one (61) years old on that date.

Minton filed a charge of age discrimination with the United States Equal Opportunity Commission ("EEOC") on May 27, 2003.  (Minton Dep. Ex. 15).  On June 3, 2003, Minton filed a Complaint in the Gallia County, Ohio Court of Common Pleas asserting federal and state age discrimination claims against Buckeye.  Buckeye utilized 28 U.S.C. § 1332 to remove the case to the United States District Court for the Southern District of Ohio on June 13, 2003, where it was assigned to the Honorable James L. Graham.  (Case No. 2:03-cv-00546).  The EEOC issued its right to sue letter on December 4, 2003.  (Doc. # 29 Ex. F).  Ultimately, however, the parties executed a stipulation of dismissal of the action pending before Judge Graham without prejudice on June 14, 2004.  *Id.* at Doc. # 21.

Minton re-filed his action with this Court on April 19, 2005.  (Doc. # 1). He alleges that Buckeye violated the ADEA, Ohio Revised Code Chapter 4112, and he also asserts claims for breach of contract, promissory estoppel, and wrongful discharge in violation of public policy. *Id.* Buckeye denies all of Minton's claims, and asserts counterclaims for breach of contract and unjust enrichment stemming from Minton's health insurance premiums after his termination.  (Doc. # 5).  Minton denies Buckeye's counterclaims.  (Doc. # 9).

Buckeye argues that Minton's ADEA claims are barred under 29 U.S.C. § 626(e).  That section provides "[a] civil action may be brought under this section by a person ... against the respondent [employer] named in the charge within 90 days after the date of the receipt of such notice."  As noted above, the EEOC issued its right to sue letter on December 4, 2003.  Minton

3

did not file the instant suit until April 19, 2005.  Thus, Minton's current filing clearly fell outside of the statutory time limit.

Minton concedes that he filed this suit outside of the statutory period.  (Doc. # 31 at 8). He offers only one argument against the application of the statute of limitations; specifically, Minton contends that the Court should apply the doctrine of equitable tolling of the time limitation in this case because after his termination, members of his family began suffering severe health problems.  *Id.* at 8-9.

The doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances.  *See Wilson v. Grumman Ohio Corp*., 815 F.2d 26, 28 (6th Cir. 1987).  Courts refuse to apply equitable tolling when employees have failed to pursue their rights diligently. The United States Supreme Court has explained that "we have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct to allow the filing deadline to pass . . . [but we] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). In another decision, the Supreme Court flatly stated that "one who fails to act diligently cannot invoke the principles [of equitable tolling] to excuse the lack of diligence."  *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984).  Indeed, the Sixth Circuit held "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000).

To determine whether equitable tolling is appropriate in a particular case, the Court must

4

consider five factors. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Those factors are as follows: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirements. *See id.*

Minton does not state that he was unaware of the filing requirement. For certain, the EEOC's right to sue letter clearly informed Minton of the time constraints involved in pursuing his ADEA claim. (Doc.# 29 Ex. F). Furthermore, Minton was represented by counsel during his previous action before Judge Graham and is represented by that same attorney in the case at bar. The notice and ignorance factors have therefore been addressed and disfavor the application of the doctrine.

Diligence is the next factor. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Brown*, 466 U.S. at 151. Minton knew about the deadline and the Court presumes his attorney did as well. Regardless, Minton still waited about a year after the time limit had passed to re-file the instant Complaint. And while the Court is sympathetic to the health issues his family is facing, Minton himself is not claiming that he is incapacitated. Because there is no reason for Minton's delay in waiting to file until April 19, 2005, the Court holds that Minton was not diligent in pursuing his claim.

Lastly, the Court examines whether applying the doctrine of equitable tolling would prejudice Buckeye. Buckeye states that because a significant amount of time has passed, its witnesses are having difficultly remembering relevant events. (Doc. # 42 at 5). Buckeye argues that if the Court tolled the statute of limitations, Buckeye would be forced to rely on employees

who are currently experiencing difficulties in remembering key events when defending against Minton's claims. As a result, the Court concludes that Buckeye would be prejudiced were the Court to utilize the doctrine of equitable tolling.

Accordingly, the Court's consideration of the five factors requires the Court to abstain from applying equitable tolling in this instance. Buckeye's motion for summary judgment on Minton's ADEA claim is **GRANTED**. (Doc. # 29).

Minton's remaining claims and Buckeye's counterclaims sound in state law. (Doc. # # 1, 5). Thus, the Court utilizes its discretion to **DISMISS** those claims pursuant to 28 U.S.C. § 1367(c). *See Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990) (holding "[w]here an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent claims are ordinarily dismissed as well"). *See also Gilleland v. Schanhals*, No. 1:00-CV-230, 2001 U.S. Dist. LEXIS 7016, *19-20 (W.D. Mich. 2001) (dismissing state law claims and counterclaims under 28 U.S.C. § 1367)).

## CONCLUSION

Buckeye's motion for summary judgment on Minton's ADEA claim is **GRANTED**. (Doc. # 29). Minton's remaining state claims, and Buckeye's counterclaims, are **DISMISSED** pursuant to 28 U.S.C. § 1367.[3]

---

[3] In reaching this decision, the Court did not consider any depositions that lacked court reporter certifications. (Doc. # 48).

  /s/   Gregory L. Frost

**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**